# EXHIBIT A

Ramin R. Younessi, Esq. (SBN 175020)
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/09/2024 4:21 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Vega, Deputy Clerk

Attorney for Plaintiffs,
BIANCA ETHLYN RODRIGUEZ, on behalf
of all others similarly situated,

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| BIANCA ETHLYN RODRIGUEZ, an individual, on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>    v.<br><br>AMERICAN INCOME LIFE INSURANCE COMPANY, an Indiana corporation; GLOBE LIFE INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>                    Defendants. | **CLASS ACTION COMPLAINT**<br><br>Case No. 24STCV32420<br><br>1.  **MISCLASSIFICATION OF EMPLOYEE AS "INDEPENDENT CONTRACTOR."**<br><br>2.  **FAILURE TO PAY WAGES (CAL. LABOR CODE §§201, 1194);**<br><br>3.  **FAILURE TO PAY MINIMUM WAGES (CAL. LABOR CODE §§1182.12, 1194, 1194.2, 1197);**<br><br>4.  **FAILURE TO PAY OVERTIME COMPENSATION (CAL. LABOR CODE §§510, 1194);**<br><br>5.  **FAILURE TO INDEMNIFY FOR NECESSARY BUSINESS EXPENSES (CAL. LABOR CODE §2802);**<br><br>6.  **FAILURE TO PAY SICK TIME (CAL. LABOR CODE §246);**<br><br>7.  **FAILURE TO PROVIDE REST PERIODS (CAL. LABOR CODE §§226.7);**<br><br>8.  **FAILURE TO PROVIDE MEAL PERIODS (CAL. LABOR CODE § 512);**<br><br>9.  **FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS (CAL. LABOR CODE §§226, ET SEQ.);**<br><br>10. **WAITING TIME PENALTIES (CAL. LABOR CODE §§201-203);** |

-1-

**11. UNFAIR COMPETITION (BUS. & PROF. CODE §17200 ET SEQ.).**

**DEMAND OVER $35,000**

**DEMAND FOR JURY TRIAL**

PLAINTIFF, BIANCA ETHLYN RODRIGUEZ, an individual on behalf of herself and all other similarly situated employees (hereinafter collectively referred to as "Class Plaintiffs"), hereby files this Complaint against Defendants AMERICAN INCOME LIFE INSURANCE COMPANY, an Indiana corporation, GLOBE LIFE INC., a Delaware corporation and DOES 1 through 20 (hereinafter collectively referred to as "Defendants"). Plaintiffs are informed and believe, and thereon allege as follows:

## INTRODUCTION

1. This is a civil action seeking recovery for Defendants' violations of the California Labor Code, California Business and Professions Code ("B&PC"), the applicable Wage Orders issued by the California Industrial Welfare Commission (hereinafter, the "IWC Wage Orders") and related common law principles.

2. Plaintiffs' action seeks monetary damages and injunctive relief, including full restitution from Defendants as a result of Defendants' unlawful, fraudulent and/or unfair business practices.

3. Class Plaintiffs have also filed a Private Attorney General Act ("PAGA") notice with the Labor and Workforce Development Agency, and the Complaint will be later amended to include a PAGA cause of action, seeking recovery of civil penalties under the PAGA General Act of 2004, Cal. Labor Code §2699 et seq.

4. The acts complained of herein occurred, occur and will occur, at least in part, within the time period from December 9, 2020 up to and through the time of trial for this matter. This is hereinafter the "Class Period."

5. The "Class Plaintiffs" are all current and former employees, whether classified as employees or misclassified as independent contractor, whom were employed by Defendants from on or about December 9, 2020, up to and through the time of trial in this matter.

**JURISDICTION AND VENUE**

6.     This Court is the proper court pursuant to CCP §295(a) and CCP §395.5, and this action is properly filed in San Diego County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within San Diego County, and because the work that is the subject of this action was performed by Class Plaintiffs throughout the State of California including the County of Los Angeles.

7.     The California Superior Court has jurisdiction in this matter because both the individual and aggregate monetary damages and restitution sought herein exceed the minimal jurisdictional limits of the Superior Court and will be established at trial, according to proof.

8.     The California Superior Court also has jurisdiction in this matter because during their employment with Defendants, Class Plaintiffs, were all California citizens and Defendants AMERICAN INCOME LIFE INSURANCE COMPANY and GLOBE LIFE INC., conducted and transacted business throughout San Diego County.  Further there is no federal question at issue, as the issues herein are based solely on California statutes and law.

**THE PARTIES**

**PLAINTIFF BIANCA ETHLYN RODRIGUEZ**

9.     Plaintiff BIANCA ETHLYN RODRIGUEZ ("RODRIGUEZ") is an individual over the age of eighteen (18) and is now and at all times mentioned in this Complaint was a citizen of the State of California.

10.     Plaintiff RODRIGUEZ worked for Defendants as a "sales agent" from on or about May 2023 to June 21, 2024, within the County of San Diego, California.

**DEFENDANT AMERICAN INCOME LIFE INSURANCE COMPANY**

11.     Defendant AMERICAN INCOME LIFE INSURANCE COMPANY (hereinafter

"AMERICAN INCOME") was and is an Indiana corporation doing business at 7220 Trade St., Suite 254, in the County of San Diego, California. At all relevant times, Defendant AMERICAN INCOME employed 26 or more employees.

## DEFENDANT GLOBE LIFE INC.

12.    Defendant GLOBE LIFE INC. (hereinafter "GLOBE") was and is a Delaware corporation doing business at 7220 Trade St., Suite 254, in the County of San Diego, California. At all relevant times, Defendant GLOBE employed 26 or more employees.

## DOES 1 – 20, INCLUSIVE

13.    DOES 1 to 20, inclusive are now, and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in California.

14.    Class Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 20, inclusive and for that reason, DOES 1 to 20 are sued under such fictitious names pursuant to CCP §474.

15.    Class Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

## ALL DEFENDANTS

16.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings, and circumstances alleged in this Complaint.

17.    Defendants, and each of them, proximately subjected Plaintiffs to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

18.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

19.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership, and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership, and common enterprise.

20.    Defendants, and each of them, at all times mentioned in this Complaint, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

21.    Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

22.    Defendants, and each of them, at all times mentioned in this Complaint, aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

23.    Class Plaintiffs are informed and believe, and based thereupon allege, that Defendants, and each of them, including those defendants named as DOES 1-20 acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so. Class Plaintiffs are further informed and believe, and based thereupon allege, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiffs harm.

24.    Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

1

### ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

2      25.      Class Plaintiffs are informed and believe, and based thereon allege, that there exists such

3  a unity of interest and ownership between AMERICAN INCOME, GLOBE, and DOES 1-20

4  (collectively "Defendants") that the individuality and separateness of defendants have ceased to exist.

5      26.      Class Plaintiffs are informed and believe, and based thereon allege, that despite the

6  formation of purported corporate existence, AMERICAN INCOME, GLOBE and DOES 1-20 are, in

7  reality, one and the same, including, but not limited to because:

8      a.      AMERICAN INCOME and GLOBE are completely dominated and controlled by

9  DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint,

10  and who have hidden and currently hide behind AMERICAN INCOME and GLOBE to perpetrate

11  frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

12      b.      DOES 1-20 derive actual and significant monetary benefits by and through

13  AMERICAN INCOME and GLOBE's unlawful conduct, and by using AMERICAN INCOME and

14  GLOBE as the funding source for their own personal expenditures.

15      c.      AMERICAN INCOME, GLOBE and DOES 1-20, while really one and the same,

16  were segregated to appear as though separate and distinct for purposes of perpetrating a fraud,

17  circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

18      d.      AMERICAN INCOME and GLOBE do not comply with all requisite corporate

19  formalities to maintain a legal and separate corporate existence.

20      e.      The business affairs of AMERICAN INCOME, GLOBE and DOES 1-20 are, and

21  at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated,

22  and the same are in inextricable confusion.  AMERICAN INCOME and GLOBE were at all times

23  relevant hereto, used by DOES 1-20 as a mere shell and conduit for the conduct of certain of

24  AMERICAN INCOME and GLOBE's affairs, and are, and were, the alter ego of DOES 1-20.  The

25  recognition of the separate existence of AMERICAN INCOME and GLOBE would not promote justice,

26  in that it would permit AMERICAN INCOME and GLOBE to insulate themselves from liability to

27  Plaintiffs for violations of the Labor Code, Business and Professions Code and other statutory violations.

28  The corporate existence of AMERICAN INCOME, GLOBE, and DOES 1-20 should be disregarded in

COMPLAINT FOR DAMAGES

equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiffs herein.

27.     Accordingly, AMERICAN INCOME and GLOBE constitute the alter ego of DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

28.     As a result of the aforementioned facts, Class Plaintiffs are informed and believe, and based thereon allege that AMERICAN INCOME, GLOBE and DOES 1-20 are Plaintiffs' joint employers by virtue of a joint enterprise, and that Plaintiffs were employees of AMERICAN INCOME, GLOBE and DOES 1-20. Class Plaintiffs performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of the responsibility and influence of Class Plaintiffs as employees, either directly or indirectly, and the manner in which AMERICAN INCOME and GLOBE's business was and is conducted.

29.     Alternatively, Class Plaintiffs are informed and believe and, based thereupon alleges, that as and between DOES 1-20, AMERICAN INCOME and GLOBE, (1) there is an express or implied agreement of assumption pursuant to which DOES 1-20 agreed to be liable for the debts of AMERICAN INCOME and GLOBE, (2) the transaction between DOES 1-20, AMERICAN INCOME and GLOBE amounts to a consolidation or merger of entities, (3) DOES 1-20 is a mere continuation of AMERICAN INCOME and GLOBE, or (4) the transfer of assets to DOES 1-20 is for the fraudulent purpose of escaping liability for AMERICAN INCOME and GLOBE's debts. Accordingly, DOES 1-20 are the successors of AMERICAN INCOME and GLOBE, and are liable on that basis.

## CLASS ACTION ALLEGATIONS

30.     The Class Plaintiffs are entitled to the protections of the California Labor Code and the Wage Order.

31.     The Class Plaintiffs were misclassified as independent contractors.    Throughout the course of the Class Plaintiffs employment, Defendants completely controlled the Class Plaintiffs' performance, including the manner in which the Class Plaintiffs were to perform their required duties, as follows:

a.      Defendants provided the Class Plaintiffs with the supplies Class Plaintiffs required to do their job;

b.      Class Plaintiffs were told what days and hours Class Plaintiffs were required to work, where to go and what to do, and worked a regular schedule;

c.      Class Plaintiffs had no ability to turn down jobs assigned to Class Plaintiffs by Defendants; and

d.      Defendants had the right to discipline Class Plaintiffs and to fire Class Plaintiff at will;

32.    Additional factors confirming Class Plaintiffs' status as employees include:

e.      Class Plaintiffs were not engaged in a distinct occupation or business;

f.      Class Plaintiffs were not required to make any major investments in equipment or materials to provide the services;

g.      Class Plaintiffs' occupation and work is usually done under the direction of the principal or a supervisor;

h.      No particular skill is required for Class Plaintiffs' occupation;

i.      Class Plaintiffs were not paid by "the job";

j.      Class Plaintiffs' work was part of the regular business of Defendants; and

k.      Class Plaintiffs believed, by going to work for Defendants, Class Plaintiffs were creating an employer-employee relationship;

l.      Class Plaintiffs were told what days and hours Class Plaintiff were required to work, where to go and what to do;

m.      Defendants failed to comply with the Independent Contractor Reporting requirements that required Employers report to the Employment Development Department ("EDD"), within 20 days if Employers hired an independent contractor who is an individual or sole proprietorship, who Employers have either paid, or contracted to pay, more than $600.

33.    Despite the aforementioned facts, Defendants illegally classified Class Plaintiffs as "independent contractors" instead of as employees, and wrongfully issued Class Plaintiffs IRS Form W-1099 forms.

-8-
COMPLAINT FOR DAMAGES

34.     Additional factors confirming Class Plaintiffs' status as employees include:

a.  Class Plaintiffs were not free from control and direction of Defendants;

b.  Class Plaintiffs performed services that were not outside the usual course of Defendants' business.

c.  Class Plaintiffs were not customarily engaged in any independently established trade occupation or business of the same nature as Defendants.

35.     Despite the aforementioned facts, Defendants illegally classified Class Plaintiffs as "independent contractors" instead of as employees, and wrongfully issued Class Plaintiffs IRS Form W-1099 forms.

36.     The Class Plaintiffs were not paid the California statutory minimum wage for all hours worked.

37.     The Class Plaintiffs regularly worked in excess of 8 hours per day or 40 hours per week and were not paid an overtime premium. Accordingly, the Class Plaintiffs were entitled to be paid overtime premiums for all hours worked over 8 hours in a single day or over 40 hours in a week.

38.     Defendants failed to reimburse Class Plaintiffs for all necessary business expenditures incurred during the course of their employment.

39.     Defendants failed to provide Class Plaintiffs with paid sick leave. Class Plaintiffs worked for Defendants for more than 30 days and were thus entitled to accrued paid sick leave at the rate of 1 hour every 30 hours worked.

40.     The Class Plaintiffs were not permitted to take duty-free rest periods of at least ten minutes every four hours worked, as required by California Labor Code §226.7.

41.     The Class Plaintiffs were also not provided duty-free meal periods of at least thirty minutes for every five hours worked, as required by California Labor Code §512.

42.     Defendants failed to maintain working conditions that comply with the Wage Order, failed to timely provide them with accurate written wage statements, and failed to timely pay them earned wages during employment.

43.     CCP §382 provides in pertinent part: "... [W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them

COMPLAINT FOR DAMAGES

all before the court, one or more may sue or defend for the benefit of all." Plaintiffs bring this suit as a class action pursuant to CCP §382.

44.     The putative classes that Class Plaintiffs will seek to certify are Defendants' similarly situated individuals who are presently employed or were formerly employed by Defendants in California from December 9, 2020 through trial who were : (1) misclassified as independent contractors; (2) were not paid minimum wage for all hours worked; (3) were not  paid overtime compensation for all overtime hours worked; (4) were not reimbursed for all necessary business expenditures incurred in the course of their employment; (5) were not provided paid sick leave; (6) were not provided legally compliant rest periods; (7) were not provided legally complaint meal periods; (8) were not provided accurate wage statements, or (9) were not paid all earned wages timely upon termination of their employment.

45.     In addition, Class Plaintiffs will seek to certify a subclass of those similarly situated individuals who were formerly employed by Defendants in California from December 3, 2020 through trial whose employment ended or was terminated. Hereinafter, this is referred to as the "Terminated Employee SubClass."

46.     The Class and the Terminated SubClass are herein collectively referred to as the "Classes."

47.     Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Classes. Plaintiffs will formally define and designate a class definition at such time when Class Plaintiffs seek to certify the Classes alleged herein.

48.     <u>Numerosity</u> (CCP §382):

     a.  The potential quantity of members of the Classes as defined is so numerous that joinder of all members is unfeasible and impractical;

     b.  The disposition of the claims of the members of the Classes through this class action will benefit both the parties and this Court;

     c.  The quantity of members of the Classes is unknown to Class Plaintiffs at this time; however, it is estimated that the membership of the Classes numbers greater than 100 individuals; and

d.  The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

49.  Superiority (CCP §382): The nature of this action and the nature of the laws available to Class Plaintiffs make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Class Plaintiffs for the wrongs alleged herein, as follows:

a.  California has a public policy which encourages the use of the class action device;

b.  By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

c.  This case involves large corporate Defendants and a large number of individual Class members with many relatively small claims and common issues of law and fact;

d.  If each individual member of the Classes were required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' vastly superior financial and legal resources;

e.  Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being;

f.  Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the right of each of the members of the Classes to recover on the causes of action alleged herein;

g.  Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

COMPLAINT FOR DAMAGES

i)    a substantial risk of each individual Plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

ii)   a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

iii)  inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants;

iv)   potentially incompatible standards of conduct for Defendants; and

v)    potentially incompatible legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

h.  The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

i.  Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

j.  The Supreme Court of California urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

50.    Well-defined Community of Interest: Plaintiffs also meet the established standards for class certification (see, e.g. *Lockheed Martin Corp. v. Superior Court* (2003) 29 Cal.4th 1096), as follows:

a.  Typicality: The claims of Plaintiff RODRIGUEZ are typical of the claims of all members of the Classes she seeks to represent because she has been subject to all the violations described herein, as have all members of the Classes sustained injuries and damages arising out of Defendants' common course of conduct in violation of law

-12-

and the injuries and damages of all members of the Classes were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

b. <u>Adequacy:</u> Plaintiff RODRIGUEZ:

    i)    is an adequate representative of the Classes she seeks to represent;

    ii)    will fairly protect the interests of the members of the Classes;

    iii)    has no interests antagonistic to the member of the Classes; and

    iv)    will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

c. Predominant Common Questions of Law or Fact: There are common questions of law and/or fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes, including, without limitation:

    i)    Whether Defendants misclassified the Class Plaintiffs as independent contractors in violation of the Labor Code;

    ii)    Whether Defendants failed to pay Class Plaintiffs the California statutory minimum wage for all hours worked in violation of the Labor Code and Section 1 of the IWC Wage Orders;

    iii)    Whether Defendants failed to pay Class Plaintiffs an overtime premium for all hours over 8 in a day or 40 in a week in violation of the Labor Code and Section 1 of the IWC Wage Orders;

    iv)    Whether Deefndants failed to reimburse Class Plaintiffs for all necessary business expenditures in the course of their employment in violation of the Labor Code;

    v)    Whether Defendants failed to provide Class Plaintiffs with paid sick leave in violation of the Labor Code;

    vi)    Whether Defendants failed and continue to fail to authorize and permit legally-requisite rest breaks to Class Plaintiffs in violation of the Labor code and Section 1 of the IWC Wage Orders;

COMPLAINT FOR DAMAGES

vii)   Whether Defendants failed and continue to fail to authorize and permit legally-requisite meal periods to Class Plaintiffs in violation of the Labor Code and Section 1 of the IWC Wage Orders;

viii)  Whether Defendants failed to timely furnish accurate, itemized and legal wage statements to Class Plaintiffs;

ix)    Whether Defendants are derivatively liable pursuant to Labor Code §203 to the Terminated Employee SubClass;

x)     Whether Defendants' conduct constitutes unfair, illegal, or fraudulent competition within the meaning of B&PC §17200, et seq.;

xi)    Whether Defendants' conduct constitutes unfair, illegal, or fraudulent business practices within the meaning of B&PC § 17200, et seq.;

xii)   Whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

xiii)  Whether the members of the Classes are entitled to injunctive relief;

xiv)   Whether the members of the Classes are entitled to restitution; and

xv)    Whether Defendants are liable for attorneys' fees and costs.

51.    Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action (see, e.g. *Collins v. Rocha* (1972) 7 Cal.3d 232, 238).

## FIRST CAUSE OF ACTION
## FOR MISCLASSIFICATION AS "INDEPENDENT CONTRACTORS"
## (ON BEHALF OF THE CLASS PLAINTIFFS)
## AGAINST ALL DEFENDANTS

52.    Class Plaintiffs re-allege and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

53.    Pursuant to Labor Code §226.8(a)(1), it is unlawful for any person or employer to engage in willful misclassification of an individual as an independent contractor. Pursuant to Labor code

-14-

§226.8(b), if a court issues a determination that a person or employer has violated subdivision (a), the person or employer shall be subject to a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law. Pursuant to Labor code §226.8(c), if a court issues a determination that a person or employer has violated subdivision (a) and the person or employer has engaged in or is engaging in a pattern or practice of these violations, the person or employer shall be subject to a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law.

54.     During the period of Class Plaintiffs employment with defendants, Class Plaintiffs were employees of Defendants, and each of them based upon their alter ego relationship, as defined by California Labor Code § 350(b). However, Defendants purposefully misclassified Class Plaintiffs as "Independent Contractors" because, by so doing, defendants lowered their cost of doing business by means of, but not limited to, the following:

55.     Defendants did not report or pay the employer's share of federal or state payroll taxes with respect to any of the funds paid to Class Plaintiffs, as required by federal and state law;

56.     Defendants did not provide or pay for Workers Compensation insurance for Class Plaintiffs;

57.     Defendants did not provide or pay for State Disability insurance for Class Plaintiffs; and

58.     Defendants did not provide or pay for benefits to Class Plaintiffs that other of Defendants' employees received.

59.     As a direct and proximate result of the aforementioned violations of California law committed by defendants, Class Plaintiffs have suffered, and continue to suffer, substantial losses related to the loss of the employer's share of payroll taxes, the use and enjoyment of such employee benefits, and expenses and attorneys' fees in seeking to compel defendants to fully perform their obligation under state law, all to their damage in amounts according to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this Court. Class Plaintiffs are thus entitled to recover nominal, actual and compensatory damages in amounts according to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

60.    Defendants' failure to classify Class Plaintiffs as employees, in violation of California law, was knowing and intentional. Defendants have refused to classify Class Plaintiffs as employees for false and fraudulent reasons. The decision to misclassify Class Plaintiffs as "independent contractors" was made, maintained, and enforced by Defendants, by and through their offices, directors and/or managing agents, and was done willfully, maliciously, oppressively, and fraudulently, with the wrongful and deliberate intention of injuring Class Plaintiffs, and with a conscious disregard for Class Plaintiffs' rights and defendants' obligations under California laws, all of which has deprived Class Plaintiffs of Class Plaintiffs' property and legal rights. Therefore, in addition to all other types of relief requested herein, Class Plaintiffs are entitled to recover punitive and exemplary damages in amounts according to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

61.    Pursuant to Labor Code §226.8(b)-(c), Class Plaintiffs seek a determination that Defendants have violated subdivision (a) and have engaged in or are engaging in a pattern or practice of these violations, and seeks penalties of $25,000 for each violation, in addition to any other penalties or fines permitted by law.

## SECOND CAUSE OF ACTION

## FOR FAILURE TO PAY WAGES DUE

## LABOR CODE §§201, 226.7, 512, 1194

## (ON BEHALF OF THE CLASS PLAINTIFFS)

## AGAINST ALL DEFENDANTS

62.    Class Plaintiffs re-allege and incorporate by reference the above paragraphs as though set forth in full herein.

63.    At all relevant times, Defendants failed and refused to pay Class Plaintiffs wages earned and required by 8 Code of Regulations §11040, as set forth hereinabove. As alleged herein, Defendants routinely failed to pay Class Plaintiffs minimum wage, overtime compensation and failed to compensate them for missed rest and meal breaks.

64.    As alleged herein, Class Plaintiffs were not exempt from the requirements of Labor Code §510, 8 Code of Regulations §11040, and Industrial Welfare Commission Order No. 4-2001.

65. Class Plaintiffs have been deprived of their rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Class Plaintiffs are entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

## THIRD CAUSE OF ACTION
## FOR FAILURE TO PAY MINIMUM WAGES
## LABOR CODE §§1182.12, 1194, 1194.2, 1197
## AGAINST ALL DEFENDANTS

66. Class Plaintiffs re-allege and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

67. Pursuant to Labor Code §1197, payment of less than the minimum wage fixed by law is unlawful. An employer violates the minimum wage statute even if the average rate for paid and unpaid hours exceeded the minimum wage. Under California law, Class Plaintiffs are entitled to at least the minimum wage for every hour worked.

68. In the four years immediately preceding the filing of this complaint, Defendants failed and refused to pay Class Plaintiffs the legal minimum wage in the State of California, as set forth in Labor Code §1182.12.

69. Defendants' failure to pay the legal minimum wage to Class Plaintiff as alleged herein is unlawful and creates entitlement, pursuant to Labor Code §1197, to recovery by Class Plaintiffs in a civil action for the unpaid balance of the full amount of the unpaid wages owed.

70. Pursuant to Labor Code §1194, Class Plaintiffs request that the court award reasonable attorneys' fees and costs incurred by Class Plaintiffs in this action.

71. In addition, pursuant to Labor Code §1194.2, Class Plaintiffs are entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid, plus interest thereon.

COMPLAINT FOR DAMAGES

## FOURTH CAUSE OF ACTION
## FOR FAILURE TO PAY OVERTIME COMPENSATION
## LABOR CODE §§510, 1194
## (ON BEHALF OF THE CLASS PLAINTIFFS)
## AGAINST ALL DEFENDANTS

72. Class Plaintiffs re-allege and incorporate by reference the above paragraphs as though set forth in full herein.

73. Labor Code §510 requires employers to pay their non-exempt employees one and one-half times their regular hourly rate (overtime) for time worked in excess of eight hours in a single day, or 40 hours per week, and double their regular hourly rate (double-time) for all hours worked in excess of 12 hours in a single day. It also requires employers to pay their non-exempt employees overtime compensation for the first eight hours of work done on the seventh consecutive day of work done in any work week and double-time compensation for any work done beyond the first eight hours on the seventh consecutive day of work.

74. As alleged herein, Class Plaintiffs were not exempt from the requirements of Labor Code §510, 8 Code of Regulations §11040, and Industrial Welfare Commission Order No. 4-2001.

75. At all relevant times, Class Plaintiffs were required to work more than eight hours per day and/or more than 40 hours per workweek.

76. At all relevant times, Defendants failed and refused to pay Class Plaintiffs all the overtime compensation required by Labor Code §510, 8 Code of Regulations §11040, and Industrial Welfare Commission Order No. 4-2001.

77. From December 9, 2020, through trial, Class Plaintiffs worked overtime hours each week, all of which should have been paid at 1.5 times their regular hourly wage rate at that time. Defendants failed to pay Class Plaintiffs the requisite overtime wages in the four years immediately preceding the filing of this complaint.

78. Class Plaintiffs have been deprived of their rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Class Plaintiffs are entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

# FIFTH CAUSE OF ACTION

## FOR FAILURE TO INDEMNIFY FOR NECESSARY BUSINESS EXPENSES

## LABOR CODE §2802

## (ON BEHALF OF THE CLASS PLAINTIFFS)

## AGAINST ALL DEFENDANTS

79.     Class Plaintiffs re-allege and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

80.     Pursuant to Labor Code §450(a), "no employer…may compel or coerce any employee…to patronize his or her employer, or any other person, in the purchase of any thing of value."

81.     Pursuant to Labor Code §2802(a), "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

82.     Class Plaintiffs were required by Defendants to expend Class Plaintiffs' personal funds because of the duties required by Defendants, as alleged hereinabove.

83.     Pursuant to Labor Code §2802(a), Defendants are legally required to reimburse Class Plaintiffs for all necessary expenditures incurred in the performance of Class Plaintiffs' duties.

84.     Defendants have failed and refused to reimburse Class Plaintiff for all necessary business expenditures.

85.     As a proximate result of the aforementioned violations of Labor Code §§450(a) and 2502(a), Class Plaintiffs are entitled to recover from Defendants the unpaid balance of all of the necessary expenditures.

86.     Pursuant to Labor Code §2802(b), Class Plaintiffs request that the Court award interest at the same rate as judgments in civil actions, accruing from the date on which Class Plaintiffs incurred the necessary expenditure or loss.

87.     Pursuant to Labor Code §2802(c), Class Plaintiffs request that the Court award Class Plaintiffs reasonable attorneys' fees and costs incurred in this action.

COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION

## FOR FAILURE TO PAY SICK TIME

## LABOR CODE §246

## (ON BEHALF OF THE CLASS PLAINTIFFS)

## AGAINST ALL DEFENDANTS

88.     Class Plaintiffs re-allege and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

89.     An employee who works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days. An employee shall accrue paid sick days at the rate of not less than one hour per every 30 hours worked, beginning at the commencement of employment.

90.     At all relevant times, Class Plaintiffs worked for Defendants for more than 30 days and were thus entitled to paid sick days.

91.     At all relevant times, Defendants failed to provide to Class Plaintiffs, not less than one hour of sick leave for every thirty hours worked.

92.      Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek.

93.     Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

94.     Paid sick time for exempt employees shall be calculated in the same manner as the employer calculates wages for other forms of paid leave time.

COMPLAINT FOR DAMAGES

**SEVENTH CAUSE OF ACTION**

**FOR FAILURE TO AUTHORIZE AND PERMIT REST BREAKS**

**LABOR CODE §§226.7, 516**

**(ON BEHALF OF THE CLASS PLAINTIFFS)**

**AGAINST ALL DEFENDANTS**

95.     Class Plaintiffs re-allege and incorporate by reference the above paragraphs as though set forth in full herein.

96.     Labor Code §226.7 requires an employer to provide every employee with an uninterrupted rest period of not less than 10 minutes, for every period worked of four hours, or substantial portion thereof, and further prohibits an employer from requiring "an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

97.     Labor Code §516 provides that the Industrial Welfare Commission "may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

98.     Section 12(A) of the IWC Wage Order(s) states: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at a rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

99.     Section 12(B) of the IWC Wage Order(s): states: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

100.    The Class Plaintiffs sometimes worked over 4 hours per shift.

1    101.   The Class Plaintiffs were entitled to a rest period of not less than 10 minutes prior to

2    exceeding 4 hours of employment.

3    102.   As a matter of Defendants' established company policy, Defendants failed to always

4    authorize and permit all required rest periods established by Labor Code §226.7 and Labor Code §516

5    and Section 12 of the IWC Wage Order(s).

6    103.   Pursuant to Section 12 of the IWC Wage Order(s) and Labor Code §226.7(b) which states

7    "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order

8    of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay

9    at the employee's regular rate of compensation for each work day that the meal or rest period is not

10   provided," the Class Plaintiffs are entitled to damages in an amount equal to 1 additional hour of pay at

11   each employee's regular rate of compensation for each work day that the rest period was not provided.

12   104.   Pursuant to Labor Code §218.6 and Civil Code § 3287, the Class Plaintiffs seek recovery

13   for prejudgment interest on all amounts recovered herein.

14

15   **EIGHTH CAUSE OF ACTION**

16   **FOR FAILURE TO AUTHORIZE AND PERMIT MEAL BREAKS**

17   **LABOR CODE §§226.7, 512**

18   **(ON BEHALF OF THE CLASS PLAINTIFFS)**

19   **AGAINST ALL DEFENDANTS**

20   105.   Class Plaintiffs re-allege and incorporate by reference the above paragraphs as though set

21   forth in full herein.

22   106.   Labor Code §512 requires employers to provide every employee with an uninterrupted

23   meal period of not less than 30 consecutive minutes, for every period of work exceeding five hours.

24   107.   Class Plaintiffs regularly worked in excess of five hours per day and were thereby entitled

25   to take uninterrupted 30-minute meal periods on each day of work.

26   108.   Defendants failed and refused to provide the Class Plaintiffs with uninterrupted meal and

27   rest periods, and failed to compensate Class Plaintiffs, and other similarly situated employees, for missed

28

meal and rest periods, as required by Labor Code §§226.7 and the applicable sections of 8 Code of Regulations §11040 and Industrial Welfare Commission Order No. 4-2001, as follows.

109.    Class Plaintiffs have been deprived of wages for missed meal breaks due in amounts to be determined at trial.

110.    As alleged herein, Class Plaintiffs are not exempt from the meal break requirements of 8 Code of Regulations §11040 and Industrial Welfare Commission Order No. 4-2001.  Consequently, Class Plaintiffs are owed one hour of pay at his or her then regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that he or he was denied such meal periods.

111.    Class Plaintiffs have been deprived of his or her rightfully earned compensation for missed meal breaks as a direct and proximate result of Defendants' failure and refusal to pay said compensation.

112.    Thus, for the entirety of the time periods set forth above, Class Plaintiffs are entitled to recover such amounts to be determined at trial pursuant to Labor Code §226.7(b), plus interest thereon and costs of suit.

## NINTH CAUSE OF ACTION

### FOR FAILURE TO TIMELY FURNISH ACURATE ITEMIZED WAGE STATEMENTS

### LABOR CODE §§226

### (ON BEHALF OF THE CLASS PLAINTIFFS)

### AGAINST ALL DEFENDANTS

113.    Class Plaintiffs re-allege and incorporate by reference the above paragraphs as though set forth in full herein.

114.    Labor Code §226(a) states in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee ... (4) all deductions ... (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid ... (8) the name and address of the legal entity that is the employer,

-23-

1  and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours

2  worked at each hourly rate by the employee ....."

3      115.    Further, the IWC Wage Orders §12(A) states in pertinent part: "(A) Every employer shall

4  keep accurate information with respect to each employee including the following: (3) Time records

5  showing when the employee begins and ends each work period. Meal periods, split shift intervals, and

6  total daily hours worked shall also be recorded ... (5) Total hours worked in the payroll period and

7  applicable rates of pay ....."

8      116.    Therefore, pursuant to Labor Code §226(a) and the IWC Wage Orders §12(A), California

9  employers are required to maintain accurate records pertaining to the total hours worked for Defendants

10  by Class Plaintiffs, including but not limited to, beginning and ending of each work period, meal period

11  and split shift interval, the total daily hours worked, and the total hours worked per pay period and

12  applicable rates of pay.

13      117.    As a pattern and practice, in violation of Labor Code §226(a) and the IWC Wage Orders

14  §12(A), Defendants did not and still do not furnish each of the Class Plaintiffs with an accurate itemized

15  statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) all

16  deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective

17  pay period and the corresponding number of hours worked at each hourly rate by each respective

18  individual and/or pertaining to the total hours worked for Defendants by the Class Plaintiffs, including

19  but not limited to, beginning and ending of each work period, meal period and split shift interval, the

20  total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

21      118.    As of January 1, 2013, SB 1255 amended Labor Code §226 to clarify that an employee

22  suffers injury if the employer fails to provide accurate and complete information as required by any one

23  or more items listed in Labor Code §226(a)(l)-(9) and the employee cannot promptly and easily ascertain

24  requisite information without reference to other documents or information.

25      119.    Here, the Class Plaintiffs suffered injury because Defendants failed to provide accurate

26  and complete information as required by one or more items listed in Labor Code §226(a)(l)-(9) and the

27  Class Plaintiffs could not and cannot promptly and easily ascertain requisite information without

28  reference to other documents or information.

120.    In addition, the Class Plaintiffs have suffered injury as a result of Defendants' failure to maintain accurate records for the Class Plaintiffs in that the Class Plaintiffs were not timely provided written accurate itemized statements showing all requisite information, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, in violation of Labor Code §226 and the IWC Wage Orders §12(A), such that the Class Plaintiffs were misled by Defendants as to the correct information regarding various items, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

121.    The actual injuries suffered by the Class Plaintiffs as a result of Defendants' knowing and intentional failure to maintain accurate records for the Class Plaintiffs include but are not limited to:

a.    Confusion over whether they received all wages owed them by Defendants;

b.    The difficulty and expense of attempting to reconstruct time and pay records;

c.    Being forced to engage in mathematical computations to analyze whether Defendants' wages in fact compensated for all hours worked;

d.    The inability to accurately calculate wage rates complicated by the fact that wage statement information required by Labor Code §226 is missing;

e.    That such practice prevents the Class Plaintiffs from being able to effectively challenge information on their wage statements; and/or

f.    The difficulty and expense of filing and maintaining this lawsuit, and the discovery required to collect and analyze the very information that California law requires.

122.    Pursuant to Labor Code §226(e), the Class Plaintiffs are entitled to actual damages or four thousand dollars ($4,000.00), whichever is greater.

123.    Pursuant to Labor Code §226(g), the currently-employed members of the Class Plaintiffs are entitled to injunctive relief to ensure Defendants' compliance with Labor Code §226.

124.    Pursuant to Labor Code §226(e) and/or §226(g), the Class Plaintiffs are also entitled to an award of costs and reasonable attorneys' fees.

# TENTH CAUSE OF ACTION

## FOR WAITING TIME PENALTIES

### LABOR CODE §203

#### (ON BEHALF OF THE TERMINATED EMPLOYEE SUBCLASS)

#### AGAINST ALL DEFENDANTS

125.    The Terminated Employee SubClass re-alleges and incorporates by reference the above paragraphs as though set forth in full herein.

126.    Labor Code §203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

127.    The members of the Terminated Employee SubClass are no longer employed by Defendants as they were either discharged from or quit Defendants' employ.

128.    Defendants had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned wages of Defendants' former employees, as set forth above, according to amendment or proof.

129.    As set forth above, Defendants willfully failed to pay the members of the Terminated Employee SubClass their entire wages due and owing at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for up to thirty (30) days thereafter.

130.    Defendants' willful failure to pay wages to the members of the Terminated Employee SubClass violates Labor Code §203 because Defendants knew or should have known wages were due to the members of the Terminated Employee SubClass, as set forth above, but Defendants failed to pay them.

131.    Thus, the members of the Terminated Employee SubClass are entitled to recovery pursuant to Labor Code §203, as well as attorneys' fees and costs.

## ELEVENTH CAUSE OF ACTION

## FOR UNFAIR COMPETITION

## BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.

## (ON BEHALF OF THE CLASS PLAINTIFFS)

## AGAINST ALL DEFENDANTS

132.    Class Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as though set forth in full herein.

133.    B&PC §17200 provides in pertinent part "…[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act…"

134.    B&PC §17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

135.    B&PC §17204 provides that an action for relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

136.    Defendants' have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by B&PC §17200, including those set forth in the preceding and foregoing paragraphs of the complaint, thereby depriving Plaintiffs of the minimum working standards and conditions due to them under the Labor Code and/or the IWC Wage Orders, as specifically described herein.

137.    Defendants have engaged in unfair business practices in California by practicing, employing, and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

138.    Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

139.    Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair competition.

COMPLAINT FOR DAMAGES

140.   Plaintiffs seek full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

141.   Further, if Defendants are not enjoined from the conduct set forth above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs.

142.   Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

143.   Plaintiffs seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray:

1.   That the Court issue an Order certifying the Classes herein, appointing the named Plaintiff RODRIGUEZ as representative of all others similarly situated, and appointing the law firm(s) representing the named Plaintiff RODRIGUEZ as counsel for the Class Plaintiffs;

/ / /

As to the First Cause of Action for Misclassification as "Independent Contractors":

    a.  For civil penalties pursuant to Labor Code §226.8(b);

    b.  For civil penalties pursuant to Labor code §226.8(c);

    c.  For punitive damages.

As to the Second Cause of Action for Failure to Pay Wages:

    a.   For recovery of the unpaid balance of the full amount of wages due and owing, according to proof;

    b.  For prejudgment interest as allowed by Labor Code §§201, 226.7, 512, 558, 1182.12, 1194, 1194.2;

    c.  For an award of reasonable attorneys' fees and costs pursuant to Labor Code §218.5 and/or Labor Code §1194(a);

As to the Third Cause of Action for Failure to Pay Minimum Wages:

a.   For recovery of the unpaid balance of the full amount of minimum wages due and owing, according to proof;

b.   For liquidated damages pursuant to Labor Code §1194;

c.   For an award of reasonable attorneys' fees and costs pursuant to Labor Code §1194;

As to the Fourth Cause of Action for Failure to Pay Overtime Compensation:

a.   For recovery of the unpaid balance of the full amount of overtime wages due and owing, according to proof;

b.   For prejudgment interest as allowed by Labor Code §510;

c.   For an award of reasonable attorneys' fees and costs pursuant to Labor Code §218.5 and/or Labor Code §1194(a);

As to the Fifth Cause of Action for Failure to Indemnify for Necessary Business Expenses:

a.   For reimbursement of all necessary business expenditures pursuant to Labor Code §2802;

b.   For prejudgment interest as allowed by Labor Code §2802(b);

c.   For an award of reasonable attorneys' fees and costs pursuant to Labor Code §2802(c).

As to the Sixth Cause of Action for Failure to Pay Sick Pay:

a.   For all sick pay Class Plaintiffs are entitled to.

As to the Seventh Cause of Action for Failure to Authorize and Permit Rest Periods:

a. For one (1) hour of pay at the regular rate of compensation for each member of the Unpaid Rest Period Class for each workday that a paid rest period was not provided;

b. For prejudgment interest as allowed by Labor Code §218.6 and Civil Code §3287;

As to the Eighth Cause of Action for Failure to Authorize and Permit Meal Periods:

a. For one (1) hour of pay at the regular rate of compensation for each member of the Unpaid Meal Period Class for each workday that a meal period was not provided;

b. For prejudgment interest as allowed by Labor Code §218.6 and Civil Code §3287

As to the Ninth Cause of Action for Failure to Timely Furnish Accurate Itemized Wage Statements:

a. For damages according to proof;

b. For recovery as authorized by Labor Code §226(e) and 226.3;

COMPLAINT FOR DAMAGES

1    c. For an award of costs and reasonable attorneys' fees pursuant to Labor Code §226(e) and/or
2       §226(g);
3  <u>As to the Tenth Cause of Action for Derivative Violations of Labor Code §203:</u>
4    a. For recovery as authorized by Labor Code §203;
5    b. For an award of reasonable attorneys' fees and costs pursuant to Labor Code §203 and/or
6       Labor Code §1194(a);
7  <u>As to the Eleventh Cause of Action for Unfair Business Practices:</u>
8    a. For an accounting, under the administration of Plaintiffs and/or the receiver and subject to
9       Court review, to determine the amount to be returned by Defendants, and the amounts to be
10      refunded to members of the Classes who are owed monies by Defendants;
11   b. For an Order requiring Defendants to identify each of the members of the Classes by name,
12      home address, home telephone number and, if available, email address;
13   c. For an Order requiring Defendants to make full restitution and payment pursuant to
14      California law;
15   d. For an Order for a preliminary and/or permanent injunction prohibiting Defendants from
16      engaging in the acts complained of herein;
17   e. For all other appropriate injunctive, declaratory and equitable relief;
18   f. For interest to the extent permitted by law;
19   g. For an award of attorneys' fees and costs incurred in the investigation, filing and
20      prosecution of this action pursuant to CCP §1021.5, B&PC §17200, et seq., Labor Code
21      §1194 and/or any other applicable provision of law;
22 <u>As to All Causes of Action:</u>
23   a. For such relief as this Court may deem just and proper, including reasonable attorneys' fees
24      and costs incurred.
25 ///
26 ///
27 ///
28

COMPLAINT FOR DAMAGES

DATED:  December 9, 2024

LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION


By: _____
Ramin R. Younessi, Esq.
Attorney for Plaintiffs
BIANCA ETHLYN RODRIGUEZ, on behalf
of all others similarly situated

## JURY TRIAL DEMANDED

Plaintiffs demand trial of all issues by jury.

DATED:  December 9, 2024

LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION


By: _____
Ramin R. Younessi, Esq.
Attorney for Plaintiffs
BIANCA ETHLYN RODRIGUEZ, on behalf
of all others similarly situated

COMPLAINT FOR DAMAGES